11000

SEGARS v. FOLSOM

(113 S. E., 495)

1. VENDOR AND PURCHASER—ERROR TO DIRECT VERDICT FOR PAYEES OF
   PURCHASE-MONEY NOTE, DISCREPANCY EXISTING BETWEEN DESCRIP-
   TIONS IN CONTRACT AND IN PROPOSED DEED.—In vendors' action on
   note given as part of the purchase price of realty, no deed having

been tendered, as defendant purchaser refused to waive a discrepancy between the description in the contract and the description in the proposed deed, and there being no evidence to explain this discrepancy, it was error to direct a verdict for payees.

2. VENDOR AND PURCHASER—QUESTION OF WAIVER OF DISCREPANCY BETWEEN DESCRIPTIONS IN DEED AND IN CONTRACT HELD FOR JURY.— The question of a waiver of the discrepancy existing between a description in the contract to purchase and in the proposed deed was a question for the jury.

3. APPEAL AND ERROR—No REVIEW OF FAILURE TO DIRECT VERDICT FOR DEFENDANT, RECORD NOT SHOWING ANY MOTION MADE BELOW.— Where the record does not show that a motion to direct a verdict for defendant was made below, an error assigned for failure to direct a verdict need not be considered.

Before PRINCE, J., Darlington, 1917.    Reversed.

Action by G. G. Segars and D. E. Thomas against J. O. Folsom.    From directed verdict for plaintiff, defendant appeals.

*Messrs. Miller & Lawson,* for appellant, cite: *Necessity of tender:* 29 A. & E. Enc. L., 686; 8 C. J., 815, 737; 39 Cyc., 1305; 27 R. C. L., 454, 455, 456; 3 Hill, 268; 2 Rich., 361; 3 Rich., 316; 6 Rich., 188; 5 Rich. 251; 6 Rich. Eq., 324; 99 S. C., 88; *Competent to show by parol that land offered was not land purchased:* 4 R. C. L., 121, 125; 9 C. J., 280; 2 Spears, 62; 20 S. C., 574; 46 S. C., 134; 53 S. C., 93; 106 S. C., 514.

*Mr. J. R. Lyles,* for respondents, cites: *Vendee may waive tender:* 5 Rich., 251; 109 S. E., 406; 100 S. E., 644; Ann. Cas., 1913 C, 642; 76 S. E., 585; 77 S. E., 959; 81 S. E., 168; 101 S. E., 50    *Mistake in boundaries will not invalidate deed:* 105 S. E., 742.

September 1, 1922.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

Respondents in their argument state:

"As the case will show, this was an action on a note for five hundred dollars ($500.00), given by the defendant,

J. O. Folsom, to the plaintiffs, G. G. Segars and D. E. Thomas, as part of the purchase price of a tract of land which the defendant had agreed to buy from the plaintiffs; said agreement being evidenced by a written contract between the parties. The complaint is in the usual form of a complaint on a promissory note.

"The answer interposed as a first defense a material alteration on the note without the consent of the defendant; but on the trial of the case this defense was abandoned. As a further defense, it was alleged that the land was not bounded as it had been represented to defendant, and that plaintiffs had failed to tender to defendant a deed to the land which he had contracted to buy, and finally, that because of said misrepresentation of the boundaries of the land by plaintiffs, and plaintiffs' failure to tender a deed as required by the contract, the note sued on was without consideration.

"The case came on to be heard at the fall term, 1917, of the Court of Common Pleas for Darlington County. The plaintiffs introduced in evidence the note and rested. The defendant put in evidence the contract and introduced the defendant as a witness. At the close of the testimony, Mr. E. O. Woods, attorney for plaintiffs, moved for a directed verdict, which motion was granted. The defendant appealed upon the exceptions set out in the case."

"State of South Carolina, County of Darlington.

"Whereas, W. W. Williams and others have contracted to and with G. G. Segars to sell to him a certain tract of land situate near Hartsville, in said County and State, containing 230.3 acres, more or less, according to a plat thereof made by J. C. Bruson in 1910; and

"Whereas, the said G. G. Segars has contracted and agreed to sell to D. E. Thomas forty-two (42) acres of said tract, more or less, according to a plat thereof made by A. D. McLaurin, April 15, 1915, which said 42-acre tract is bounded on the north and west by said 230-acre

tract, on the east by lands of H. J. Lee, and on the south by lands of G. O. Lee, and has such metes and boundaries as is shown on the plat aforesaid; and

"Whereas, the said D. E. Thomas has assigned his contract to J. O. Folsom for the purchase of the said 42-acre tract of land; and

"Whereas, the said J. O. Folsom has agreed to pay for said tract of 42 acres, more or less, as the full purchase price thereof, the sum of two thousand ($2,000.00) dollars, as is hereinafter set forth; and

"Whereas, the said J. O. Folsom has this day executed his note for $500.00, payable January 1, 1916, as a part payment of the purchase price of two thousand ($2,000.00) dollars:

"Now, therefore, know all men by these presents that the said G. G. Segars and D. E. Thomas, for and in consideration of the premises, have contracted and agreed, and do hereby contract and agree, to sell unto the said J. O. Folsom, his heirs and assigns, on or before January 1, 1916, the aforesaid tract of 42 acres, more or less: *Provided, nevertheless,* that the said J. O. Folsom shall pay the said note of $500.00 and the sum of $1,250.00 on or before January 1, 1916, upon the tender to him of a good and sufficient fee-simple deed to said premises, free from all incumbrances, with dower renounced, $250.00 of the said purchase price being payable on or before March 1, 1916, provided the timber hereinafter mentioned shall have been cut and removed from said premises.

"The timber on the aforesaid premises has already been sold, that is to say, the timber measuring 21 inches in circumference 14 inches from the ground, and it is understood that said timber so sold is to be cut and removed forthwith. In the event said timber shall not be cut and removed from said premises on or before the 1st of March, 1916, the sum of $250.00 aforesaid shall not be payable

by the said J. O. Folsom, his heirs or assigns, but shall be forfeited.

"The note aforesaid for $500.00 is to be deemed and taken as part payment of the purchase price of $2,000.00; but in the event of any willful failure or refusal of said J. O. Folsom to carry out this contract on his part, said amount shall be forfeited, and in the event the said G. G. Segars and D. E. Thomas shall fail to tender a good and sufficient deed to the aforesaid premises on or before January 1, 1916, free from incumbrances, with dower renounced, then said note shall be surrendered to the said J. O. Folsom.

"Witness our hands and seals at Hartsville, S. C., this 9th day of October, 1915.

"G. G. Segars.                [Seal.]

his

"D. X E. Thomas.              [Seal.]

mark

"J. O. Folsom.                [Seal.]

"Signed, sealed, and delivered in the presence of L. B. Patterson, F. A. Miller."

I. The Court is bound by the record. There is not only no plat in the record, but the presiding Judge in ruling on the motion states that "the plat has not been put in evidence." There is evidence, and not contradicted, that the plaintiffs had no land bounded by G. O. Lee. There is no evidence to show the boundaries of the land which the plaintiffs proposed to convey, or to explain the discrepancy between the land described in the contract and the land the defendant would have refused to purchase, if a deed had been tendered to him. The note, under the contract, depended upon the performance by the plaintiffs, or excuse for nonperformance, of their part of the contract. It was error, therefore, to direct a verdict for the plaintiffs.

II. Waiver was a question for the jury.

III. The record does not show that the defendant made a motion for a direction of a verdict in his favor, so this assignment of error need not be con-. sidered.

The judgment is reversed.

MR. CHIEF JUSTICE GARY and MR. JUSTICE MARION, concur.

MR. JUSTICE COTHRAN (dissenting).: I think it is perfectly clear that the defendant was sick of his trade and did not intend to comply; that if a deed had been tendered he would not have accepted it. He knew what land he was buying, had been on it, and tried to trade it. If plaintiffs had tendered a deed according with the McLaurin plat, it would have been sufficient, although there was an error in the contract as to one of the boundaries. It seems to me that the defendant is attempting to get out of his contract upon the flimsy pretext of a clerical error in the description, in which effort I have no sympathy.

The Circuit Judge was right in directing a verdict.